IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY HAMMAKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-962 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY JAIL MEDICAL DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

**Kelly, Magistrate Judge**

Plaintiff Cody Hammaker ("Plaintiff") filed this *pro se* civil rights action against the Allegheny County Jail Medical Department ("Defendant") arising out of allegations that he received insufficient medical care when he was detained at the Allegheny County Jail. ECF No. 6. He asserts an Eighth Amendment claim and a medical negligence claim against Defendant.

Defendant filed a Motion to Dismiss on October 24, 2023. ECF No. 20. The Court ordered Plaintiff to file a response by November 27, 2023. ECF No. 21. Plaintiff did not file a timely response. This Court issued an Order to Show Cause on December 13, 2023, directing Plaintiff to respond by January 23, 2024. ECF No. 28. To date, Plaintiff has not responded to the December 13, 2023 Order to Show Cause. The Court denied Defendant's Motion to Dismiss without prejudice on January 12, 2024, because Defendant initially failed to file a Brief in support of the Motion and proof of service on Plaintiff was unclear. ECF No. 35.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 2 and 24.

Defendant filed a renewed Motion to Dismiss on January 23, 2024. ECF No. 36. The Court ordered Plaintiff to file a response by February 22, 2024. ECF No. 38. As of this date, Plaintiff has not filed a response to the renewed Motion to Dismiss. The Court issued a second Order to Show Cause on March 19, 2024, directing Plaintiff to show cause why this case should not be dismissed based on his failure to respond to the renewed Motion to Dismiss. ECF No. 39. Plaintiff was ordered to respond to the Order to Show Cause by April 8, 2024. Plaintiff has not responded to the March 19, 2024 Order to Show Cause.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club,

Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In the instant case, because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 11-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, this factor weighs against Plaintiff given because the "continued failure to communicate with the Court and continued inaction [therefore] frustrates and delays resolution of this action." See Mack v. United States, No. 17-1982, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly

3

prejudices the Defendants who seek a timely resolution of the case."). Thus, this factor weighs in favor of dismissal.

The third Poulis factor, "history of dilatoriness," also weighs against Plaintiff. This is the second Order to Show Cause issued in this matter. ECF Nos. 28 and 39. Thus, Plaintiff has engaged in a pattern of dilatory conduct that serves to delay resolution of this matter. This factor weighs in favor of dismissal.

With respect to the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful and, as such, weighs in favor of dismissal.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, No. 11–0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, the Court cannot evaluate the potential merits of Plaintiff's claims because he has failed to respond to the deficiencies outlined in Defendant's Motion to Dismiss. This factor is treated as neutral.

4

On balance, the Court concludes that at least five of the six <u>Poulis</u> factors support dismissal, with the remaining factor (merits of Plaintiff's claims) not weighed against nor in favor of dismissal. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the sanction of dismissal is clearly supported by the <u>Poulis</u> factors.

An appropriate order will follow.

DATED: June 10, 2024

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   CODY HAMMAKER
      5427 Castlestone Drive
      Baltimore, MD 21237

      All counsel of record via CM/ECF